UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, *ex rel.* SHELLY EVANS, <br><br> Plaintiff, <br><br> v. <br><br> REHABCARE GROUP, INC., KINDRED HEALTHCARE, INC., AMERICARE SYSTEMS, INC., HERITAGE NURSING, LLC, and AMERICARE AT CYPRESS POINT NURSING CENTER, LLC, <br><br> Defendants. | No. 1:15CV80 RLW |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Relator's Motion to Voluntary Dismiss the Amended Complaint and Temporarily Maintain the Seal on Certain Case Filings for a Period of Two Years and to Permanently Maintain the Seal on all other Case Filings (ECF No. 21). Also pending is Relator's Motion to Seal and Impound the attached Motion for Voluntary Dismissal, Supporting Papers, and the Case File Pending a Decision on the Attached Motion for Voluntary Dismissal (ECF No. 20). The United States of America has filed a Notice of Consent to Relator's Voluntary Dismissal but opposes the motion to maintain the seal.

### **Background**

Proceeding on behalf of the United States, Relator Shelly Evans filed a *qui tam* action pursuant to the False Claims Act ("FCA'"), 31 U.S.C. 3729, *et seq.*, alleging that Defendants caused the federal government to pay for skilled therapy services that were either not medically reasonable or necessary; were grossly deficient and inadequate; failed to meet professional standards of care or comply with applicable regulations; or were not provided to beneficiaries at

all. Pursuant to *qui tam* provisions, Relator filed the action *in camera* and under seal to allow the United States to investigate the allegations. 31 U.S.C. § 3730(b)(2). After the government expressed its intention to decline to intervene in the present action, Relator filed a Motion to Voluntary Dismiss the Amended Complaint and to Temporarily Maintain the Seal on Certain Case Filings for a Period of Two Years and to Permanently Maintain the Seal on all other Case Filings. The United States has consented to Relator's voluntary dismissal of her cause of action. However, the Government argues that the Relator's motion to allow the case to remain under seal should be denied.

## Discussion

The FCA allows a whistleblower to file a civil action on behalf of the Government for knowingly presenting false or fraudulent claims for payment or approval. 31 U.S.C. § 3729(a)(1)(A). Once served with the complaint and material evidence, the Government has 60 days to determine whether it will intervene and proceed as the party responsible for prosecuting the case but may move for extension of time, during which time the complaint remains under seal. 31 U.S.C. § 3730(b)(2) and (3). "[T]he primary purpose of the under-seal requirement is to permit the Government sufficient time in which it may ascertain the status quo and come to a decision as to whether it will intervene in the case filed by the relator." *United States ex rel. Summers v. LHC Group, Inc.*, 623 F.3d 287, 292 (6th Cir. 2010).

However, "[w]hile the FCA clearly encourages private enforcement suites, there is nothing in the FCA evincing a congressional intent to impose a permanent seal over all *qui tam* suits where a relator seeks to voluntarily dismiss the action after the Government declines to intervene." *United States ex rel. Herrera v. Bon Secours Cottage Health Servs.*, 665 F. Supp. 2d 782, 784 (E.D. Mich. 2008); *see also United States ex rel. Ruble v. Skidmore*, No. , 2011 WL

5389325, at *2 (S.D. Ohio Nov. 8, 2011) (stating that the FCA expressly contemplates the unsealing of a *qui tam* complaint). Because nothing in the FCA suggests that the seal was imposed to protect the identity of the relator or that whistleblower complaints in which the Government declines to intervene should be sealed permanently, a relator's motion for a permanent seal must overcome the strong presumption in favor of public access to judicial records. *Herrera*, 665 F. Supp. 2d at 785; *see also United States ex rel. Eberhard v. Angiodynamics, Inc.*, No. 3:11-CV-556, 2013 WL 2155327, at *3 (E.D. Tenn. May 17, 2013) (noting that the relator must present sufficient justification for a court to depart from the strong presumption in favor of public access to records).

Here, the Relator requests that certain filings in this case be temporarily sealed for two years and that other filings be permanently sealed. Alternatively, Relator asks that the Court redact any unsealed filings to protect her identity because she desires to remain employed in the healthcare industry. Specifically, Relator asks that the Court maintain under seal for two years the Amended Complaint and any filings after the date of the present motion. As for all other case filings, Relator requests that these be sealed permanently. Relator argues that the harm to her from unsealing the filed documents in this case would reveal her identity and threaten her ability to work in her professional field and to provide for herself and her family. The Government contends that Relator is unable to overcome the presumption of access to judicial proceedings.

"There is a common-law right of access to judicial records" which applies to judicial records in civil proceedings. *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citation omitted). "This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings." *Id.* (citation

omitted). The right also allows citizens to keep a vigilant eye on the functioning of public agencies and provides a gauge of accountability to the public at large. *Id.* (citations and internal quotations omitted). "Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that inference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *Id.* at 1223. There is a strong presumption in favor of public access to judicial records, and while this right is not absolute, such presumption is not easy to overcome. *Herrera*, 665 F. Supp. 2d at 785 (citation omitted).

Relator relies on *IDT* to support her claim that the balancing of interests favors sealing documents filed in this case because the interest in public disclosure of the Amended Complaint is minimal and weak. However, *IDT* was an antitrust action wherein the complaint referred to sensitive financial and technological information subject to protective orders in a patent infringement action. *IDT*, 709 F.3d at 1221-22. Courts have noted, that "sealing of court records is not warranted absent the presence of a factor sufficient to outweigh the strong interest in public access, such as national security considerations, trade secrets, personal privacy interests, and personal safety concerns." *United States ex rel. Permison v. Superlative Techs., Inc.*, 492 F. Supp. 2d 561, 564 (E.D. Va. 2007); s*ee also Herrera*, 665 F. Supp. 2d at 785. "Cases brought under the False Claims Act receive special consideration because they 'inherently implicate the public interest.'" *United States ex rel. Durham v. Prospect Waterproofing, Inc.*, 818 F. Supp. 2d 64, 67 (D.D.C. 2011) (quoting *United States ex rel. Littlewood v. King Pharms., Inc.*, 806 F. Supp. 2d 833, 840 (D. Md. 2011)). Indeed, the presumption in favor of public access is particularly strong where the filings involve matters of public concern such as allegations of

fraud against the government. *Herrera*, 665 F. Supp. 2d at 785; *see also Durham*, 818 F. Supp. 2d at 67 (finding that taxpayers were real parties in interest in FCA cases due to their interest in fraud against the Government that resulted in monetary losses) (citation omitted).

Here, Relator's reasons for requesting that this action remain under seal stem solely from a desire to continue working as a Certified Occupational Therapy Assistant ("COTA"). Relator maintains that disclosure of the *qui tam* action could cause her difficulty in obtaining future employment and could also cause her to be subjected to discrimination and ostracized in her professional community. (Evans Aff., ECF No. 21-1) Courts faced with this same justification have rejected the relator's argument that potential damage to the relator's professional reputation and career, as well as a fear of retaliation, was sufficient to overcome the presumption in favor of public access to judicial records. For instance, in *Herrera*, the relator was a Registered Nurse working in the healthcare industry who initiated a *qui tam* action against her former employer, alleging that it fraudulently submitted inflated and inaccurate bills to Medicare and Medicaid. *Herrera*, 665 F. Supp. 2d at 782. After the Government declined to intervene, relator requested that the court maintain the seal. *Id.* at 783. Relator, who continued to be employed in the healthcare profession, argued that "unsealing any of the documents in this case would harm her reputation and career in the health care community and would discourage whistle blowers . . . from acting as 'private attorneys-general' in exposing fraud against the Government." *Id.* at 784. The *Herrera* court found that that relator's "fear of retaliation by her current employer or future employers is sufficient to overcome the strong presumption in favor of access to judicial records." *Id.* at 786. Specifically, the court reasoned that relator's concerns were no different from any employee's concerns when she sues her employer. *Id.* Additionally, the court noted

that the FCA provides a cause of action for employees retaliated against for filing *qui tam* actions. *Id.* (citing 31 U.S.C. § 3730(h)).

Likewise, the court in *Ruble* addressed a similar motion and argument. In that case, relator was the office manager of an orthopedic center who brought an FCA case alleging that the defendants fraudulently billed federal programs. *Ruble*, 2011 WL 5389325, at *1. Relator argued that the case should remain under seal because "lifting the seal could compromise her ability to earn an income, lead to potential physical retaliation, and harm her family." *Id.* The *Ruble* court agreed that relator's ability to locally practice her profession depended partly on her reputation in the local professional community. *Id.* at *4. However, the court found, "[e]ven under these circumstances . . . Relator has not demonstrated that her privacy interest is sufficient to overcome the strong presumption in favor of public access . . . ." *Id.*

In the instant case, Relator claims that her circumstances are different from the cases above because she has submitted an Affidavit which demonstrates that the risk of harm by unsealing the case is significant. The Court disagrees. Relator's Affidavit merely speculates that disclosure of her identity would cause economic and reputational harm, as well as retaliation from current and future employers. The Court agrees with other courts addressing this issue that "the Relator's concerns are no different from those of the many employees who bring suits against their employers or former employers for various reasons. These employees continue to bring suits without the protection of sealing the case. There is no reason that retaliation concerns should merit special protection in *qui tam* actions." *United States ex rel. Grover v. Related Cos. LP*, 4 F. Supp. 3d 21, 27-28 (D.D.C. 2013) (citing *Durham*, 818 F. Supp. 2d at 68)); *see also Eberhard*, 2013 WL 2155327, at *3 ("[T]he mere possibility, or even plausibility, of some form of economic harm is inadequate to depart from the rule favoring public access, particularly in the

absence of any concerns involving national security, trade secrets or personal safety."); *Littlewood*, 806 F. Supp. 2d at 842 ("At best, the relator has expressed hypothetical concerns about possible retaliation by her employer and damage to her career prospects. . . . Having assumed the risk that the Government might not intervene, the relator cannot cherry pick the portions of the FCA that suit her.").

Thus, the Court holds that Relator has not presented sufficient justification to overcome the strong presumption in favor of public access to judicial records, and Relator's motion to maintain the seal will be denied. With regard to Relator's request that any unsealed documents should be redacted to protect her identity, the Court finds that such redaction is not warranted. As found in similar cases, "merely removing the relator's name will not assure that defendant cannot identify who the relator is, and removing all identifying information is tantamount to sealing the case." *Eberhard*, 2013 WL 2155327, at *3; *see also Herrera*, 665 F. Supp. 2d at 786. Further, as previously stated, Relator's concerns are similar to other employees who sue their employers or former employers such that Relator should not merit special protection of redacting her name in this *qui tam* cause of action. *Grover*, 4 F. Supp. 3d at 29.

Accordingly,

**IT IS HEREBY ORDERED** that Relator's Motion to Voluntary Dismiss the Amended Complaint and Temporarily Maintain the Seal on Certain Case Filings for a Period of Two Years and to Permanently Maintain the Seal on all other Case Filings (ECF No. 21) is **GRANTED** in part and **DENIED** in part, consistent with this Memorandum and Order.

**IT IS FURTHER ORDERED** that this cause of action is **DISMISSED** without prejudice to the United States or the Relator.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall unseal the Complaint (ECF No. 1), Amended Complaint (ECF No. 16), United States' Notice of Consent to Relator's Voluntary Dismissal (ECF No. 25), all pleadings pertaining to Relator's Motion to Voluntary Dismiss the Amended Complaint and to Temporarily Maintain the Seal on Certain Case Filings for a Period of Two Years and to Permanently Maintain the Seal on all other Case Filings (ECF Nos. 21, 24, and 27), Relator's Motion to Seal and Impound (ECF No. 20), this Memorandum and Order, and any subsequently filed pleadings. All other pleadings filed in this action shall remain under seal absent further order of this Court.

**IT IS FURTHER ORDERED** that Relator's Motion to Seal and Impound the attached Motion for Voluntary Dismissal, Supporting Papers, and the Case File Pending a Decision on the Attached Motion for Voluntary Dismissal (ECF No. 20) is **DENIED** as **MOOT.**

Dated this 2nd day of December, 2016.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**